Raymond Horner, Appellant *v.* City of Philadelphia, Appellee.

Anthony Antanuk, Appellant *v.* City of Philadelphia, Appellee.

Charles Simon, Appellant *v.* City of Philadelphia, Appellee.

Robert A. Aspell, Appellant *v.* City of Philadelphia, Appellee.

Joseph L. Cantone, Appellant *v.* City of Philadelphia, Appellee.

Submitted on briefs November 20, 1981, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Timothy R. Smith, Tomar, Kamensky & Smith,* for appellant.

*Alan J. Davis,* City Solicitor, with him *Stewart M. Weintraub,* Deputy City Solicitor, and *Ellis Eisen,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE ROGERS, December 29, 1981:

We have consolidated the appeals of five residents of New Jersey from orders of the Court of Common Pleas of Philadelphia County refusing the prayers of their petitions for reinstatement of, or for leave to file appeals nunc pro tunc from judgments of fines for violations of the city wage tax ordinance entered in the municipal court. These cases are again efforts on the part of the city to collect its wage tax from nonresidents who enjoy employment in the city but resist the city tax.

As we said, the appellants appealed from the judgments of fines in the municipal court. The city, as re-

quired, duly filed complaints in assumpsit. These could not be served. Some months later the city filed petitions to strike or quash the appellants' appeals to the Court of Common Pleas on the ground that in filing their appeals the appellants had not complied with Philadelphia Local Rule of Civil Procedure 40 (H) which provides that the "first paper filed by a party . . . shall have endorsed thereon an address in the Commonwealth at which all papers and notices thereafter may be served upon him. . . ." The city's motions to strike or quash were unopposed and the appeals stricken. On a date not less than five months and some as late as nine months after their appeals were stricken, the appellants filed their petitions for reinstatement of, or leave to file, appeals nunc pro tunc. This relief was refused on the ground that since the petitions were lacking averments concerning either the time at which the petitioners learned that their appeals were stricken or the reason for their delay in filing after so learning, the court could not conclude that the petitioners acted with reasonable promptness.

The only question before us is that of whether the court's rulings constituted abuses of discretion. It is clear that they did not. Not only did the petitions provide no explanation or excuse for the delay in filing the petitions, as the court observed, they disclosed that in appealing the petitioners in fact violated Rule 40 (H). Each of the petitions contains an averment that the petitioner endorsed on the appeal form his residence *in New Jersey and a post office box in Warminster, Pennsylvania.* Of course, neither of these is a place where papers and notices might be served upon the appellants and this deficiency made it impossible to serve the city's assumpsit complaints filed in the court below. Nor do the petitions state any defense on the merits to the city's claims of taxes owed.

Judge Eugene Gelfand in his opinions filed below fully discusses the authorities pertinent in this class of case and correctly applied them to the facts.

Order affirmed.

ORDER

AND Now, this 29th day of December, 1981, the orders of the Court of Common Pleas of Philadelphia County, docketed below respectively at No. 257x November Term 1976, filed May 2, 1979; No. 3351x December Term 1976, filed May 2, 1979; No. 3805x December Term 1976, filed May 25, 1979; No. 450x January Term 1977, filed May 2, 1979; and No. 798x January Term 1977, filed May 2, 1979 are affirmed.